UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X     Index No.

JAMES BRYER,

                        Plaintiff,                      **COMPLAINT**

      -against-

TOM'S FORD, INC., and ALONZA            PLAINTIFF DEMANDS A
GILCHRIST, individually,                             TRIAL BY JURY

                        Defendant.
-----------------------------------------------------------------X

Plaintiff, JAMES BRYER, by and through his attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), the Americans With Disabilities Act, as codified, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), and the New Jersey Law Against Discrimination ("NJLAD"), as codified, N.J.S.A. § 10:5-12, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his former employer on the basis of his disability or perceived disability and/or his actual or perceived sexual orientation, together with creating a hostile work environment, retaliation, aiding and abetting discrimination, and unlawful termination.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

5. On or about November 16, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about March 25, 2019, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This case is filed within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a male resident of the State of New Jersey, County of Monmouth.

9. Defendant TOM'S FORD, INC. (hereinafter referred to as "TOM'S FORD") was and is a domestic corporation duly existing under the laws of the State of New Jersey.

10. At all times material, Defendant TOM'S FORD did and does own and/or operate a car dealership located at 200 Highway 35, Keyport, NJ 07735.

11. Upon information and belief, Defendant TOM'S FORD employees at least fifteen (15) or more employees.

12. Defendant ALONZO GILCHRIST (hereinafter "GILCHRIST") was and is a resident of the State of New Jersey.

13. At all times material, Defendant GILCHRIST was and is an employee of Defendant TOM'S FORD.

14. At all times material, Defendant GILCHRIST was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

15. At all times material, Plaintiff suffered from Substance Addiction Disorder and/or was regarded as suffering from such disability by Defendants.

16. Defendant TOM'S FORD and Defendant GILCHRIST are herein also collectively referred to as "Defendants."

17. Plaintiff was an employee of Defendant TOM'S FORD.

## MATERIAL FACTS

18. On or about February 5, 2018, Plaintiff began working for Defendant TOM'S FORD as a Sales Representative.

19. On or about April 2, 2018, Plaintiff disclosed to General Managers Larry Doremus, Jr. ("Doremus") and Ryan Lyttle ("Lyttle") that he had alcohol and substance abuse issues in the past, prior to his employment with Defendant TOM'S FORD, but that he had recovered.

20. Plaintiff made this disclosure in the context of informing Doremus and Lyttle that he (Plaintiff) was going to be featured in a local newspaper article about substance abuse recovery success stories.

21. Soon after Plaintiff made this disclosure, Defendants began harassing Plaintiff on the basis of his disability and/or perceived disability, *i.e.*, substance addiction disorder.

22. For example, on or about April 5, 2018, Defendant GILCHRIST, for the first time, pulled Plaintiff aside and asked him if he was "on drugs." Plaintiff advised Defendant GILCHRIST that he was a recovered substance abuser and offered to prove it by taking a drug test. Defendant GILCHRIST declined to have Plaintiff drug tested.

23. Similarly, on or about April 11, 2018, Defendant GILCHRIST again accused Plaintiff of being "on drugs," stating "you look like you're on drugs, you look like shit, I don't believe you're clean, are you on anything?" Plaintiff again explained that he was not on drugs. Plaintiff then

told Defendant GILCHRIST that his repeated accusations about drug use were making him uncomfortable and asked him to stop.

24. However, Defendant GILCHRIST's harassing comments did not stop.

25. For example, on or about April 13, 2018, Defendant GILCHRIST told Plaintiff again that he "looked like shit" and that he should go home because he looked like he was "on drugs." Plaintiff explained that he was merely tired because of a family emergency the night before. Defendant GILCHRIST sent Plaintiff home anyway and issued him a written warning.

26. Defendant GILCHRIST's actions were intended to create a pretextual paper trail to terminate Plaintiff or to constructively discharge Plaintiff.

27. Plaintiff objected to receiving the written warning and complained to Defendant GILCHRIST that he was targeting Plaintiff because of his past substance abuse.

28. On or about May 7, 2018, Plaintiff overheard two co-workers talking about him being a "drug addict." When Plaintiff asked them where they had heard that about him, the coworkers stated that they had heard this information from Defendant GILCHRIST.

29. On or about May 26, 2018, in retaliation for Plaintiff's complaints and in order to harass him further, Defendant GILCHRIST called Plaintiff a "retard" and stated that "a kid with Down Syndrome can do this job better than you."

30. On or about May 28, 2018, Defendant GILCHRIST told Plaintiff "you're drunk" after one of Plaintiff's customers decided not to purchase a vehicle.

31. As a further example, on or about June 26, 2018, Defendant GILCHRIST criticized Plaintiff for wearing sneakers in the showroom, stating "you look like a junkie, I don't want junkies on the sales floor." Other sales representatives were and are permitted to wear sneakers in the showroom.

32. Moreover, Defendants harassed Plaintiff on the basis of his actual and/or perceived sexual orientation.

33. On or about April 13, 2018, Defendant GILCHRIST criticized Plaintiff for wearing tight pants, stating "you look like a homo" and "you and Scott (a gay male coworker) would be perfect together." Defendant GILCHRIST then asked Plaintiff "do you have a pussy?"

34. The next day, Plaintiff approached Defendant GILCHRIST and stated that his comments had made him feel uncomfortable.

35. Despite Plaintiff's objections and complaints, on or about May 14, 2018, Defendant GILCHRIST again criticized Plaintiff's choice of clothing, stating "now I have to deal with two fudgepackers," referring to Plaintiff and his colleague, Scott.

36. While Plaintiff was being harassed because of his actual or perceived sexual orientation, Defendant GILCHRIST continued to arbitrarily accuse Plaintiff of being on drugs or being high.

37. On or about June 28, 2018, Defendants terminated Plaintiff for allegedly saying to a customer that a particular vehicle had a good "hiding spot for weed."

38. This reason was false and pretextual.

39. Defendants terminated Plaintiff because of his disability or perceived disability and/or his actual or perceived sexual orientation, as well as in retaliation for his objections to the discrimination.

40. Defendants would not have harassed Plaintiff but for his disability or perceived disability and/or his actual or perceived sexual orientation.

41. Since his termination from Defendant TOM'S FORD, Plaintiff has been unable to find work in the car sales industry.

42. Plaintiff engaged an investigator to contact Defendants, posing as a prospective employer, and obtain an employment reference.

43. On or about February 8, 2019, Defendant GILCHRIST told the investigator, upon being asked for a reference for Plaintiff, "I'd rather not have a conversation about [Plaintiff]. I'm going to turn this over to my supervisor and someone will call you back."

44. No one from Defendant TOM'S FORD ever contacted the investigator, who had left a name and telephone number.

45. Defendants' failure to provide even a neutral reference for Plaintiff has negatively impacted his ability to find work in the car sales industry.

46. Defendants would not have retaliated against Plaintiff but for his disability or perceived disability, his actual or perceived sexual orientation and/or his objections to the hostile work environment.

47. As a result of Defendants' actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

48. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### DISCRIMINATION
### (Against Corporate Defendant Only)

51. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

52. Plaintiff claims Defendant TOM'S FORD violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at Section 12101.

53. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112 "Discrimination" states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

54. Defendant TOM'S FORD engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his actual and/or perceived disability.

### AS A SECOND CAUSE OF ACTION
### UNDER THE AMERICANS WITH DISABILITIES ACT
### RETALIATION
### (Against Corporate Defendant Only)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

56. The ADA prohibits retaliation, interference, coercion, or intimidation.

57. The Americans with Disabilities Act, 42 U.S.C. § 12203 provides:

    a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
    b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

58. Defendant TOM'S FORD engaged in an unlawful employment practice prohibited by 42 U.S.C. § 12203 by retaliating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to TOM'S FORD's unlawful employment practices.

## AS A THIRD CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**
### (Against Corporate Defendant Only)

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of Defendant TOM'S FORD. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex (male) and/or his actual or perceived sexual orientation.

61. 42 U.S.C. § 2000e-2 states:

    It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin…

62. Defendant TOM'S FORD engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e by discriminating against Plaintiff because of his sex (male) and/or his actual or perceived sexual orientation, together with creating a hostile work environment and unlawfully terminating his employment.

### AS A FOURTH CAUSE OF ACTION
### UNDER TITLE VII
### **RETALIATION**
### (Against Corporate Defendant Only)

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

65. Defendant TOM'S FORD engaged in an unlawful employment practice prohibited by 42 U.S.C. § 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to Defendant TOM'S FORD's unlawful employment practices.

**AS A FIFTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**<u>DISCRIMINATION</u>**
**(Against All Defendants)**

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. New Jersey's Law Against Discrimination sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of . . . sexual orientation [or] disability . . . to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his actual disability or perceived disability and/or his actual or perceived sexual orientation, together with creating a hostile work environment, retaliation, aiding and abetting discrimination, and unlawful termination.

**AS A SIXTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**<u>RETALIATION</u>**
**(Against All Defendants)**

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. New Jersey's Law Against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows:

> "It shall be an unlawful employment practice, or as the case may be, an unlawful discrimination: d) For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because

    that person has filed a complaint, testified or assisted any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

71. Defendants engaged in an unlawful discriminatory practice by termination, retaliating, and otherwise discriminating against the Plaintiff as set forth herein.

72. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(d) *et seq*.

73. As such, Plaintiff has been damaged as set forth herein.

### AS A SIXTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### AIDING AND ABETTING
### (Against Individual Defendant Only)

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. New Jersey's Law Against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so.

76. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

77. As such, Plaintiff has been damaged as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful discriminatory practices prohibited by the Americans with Disabilities Act, Title VII, and the New Jersey Law Against Discrimination, and that the Defendants harassed and discriminated against Plaintiff on the basis of his disability or perceived disability, his actual or perceived sexual orientation, together with creating a hostile work environment, retaliation, aiding and abetting discrimination and unlawfully terminating his employment;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Princeton, New Jersey
      May 3, 2019                            By:    _/s/ *Steven Siegler*_____
                                                                        PHILLIPS & ASSOCIATES, PLLC
                                                                        *Attorneys for Plaintiff*
                                                                        Steven Siegler, Esq.
                                                                        NJ Bar ID # 049421997
                                                                        100 Overlook Center, 2nd Floor
                                                                        Princeton, NJ 08540
                                                                        (609) 436-9087

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

Dated:  Princeton, New Jersey
May 3, 2019

By:   /s/ *Steven Siegler*_____
PHILLIPS & ASSOCIATES, PLLC
*Attorneys for Plaintiff*
Steven Siegler, Esq.
NJ Bar ID # 049421997
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
(609) 436-9087